## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THEODORE HARMON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 15-cv-1351-MJR |
| | ) | |
| J.S. WALTON, | ) | |
| UNKNOWN PARTIES, | ) | |
| WILLIAM MAYS, | ) | |
| BRAD WEESEL, and | ) | |
| RUNGY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Theodore Harmon is currently incarcerated in the United States Penitentiary in Marion ("Marion"). He brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He claims that Defendants have violated his First Amendment rights by prohibiting him from receiving a certain publication (or publications).

This matter is now before the Court for a preliminary review of Oliver's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review under § 1915A, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A. Portions of this action are subject to summary dismissal.

On an unspecified date, an unspecified publication addressed to Plaintiff was received by the mailroom at Marion.[1] This publication was rejected by Marion officials because it contained nudity and/or sexually explicit content. Defendants John/Jane Doe #5 and/or #6 (mailroom employees) searched the incoming publication and determined that it should not be delivered to Plaintiff. (Doc. 1 at 10.) Defendant Rungy (head of the Publication Review Committee), along with committee members Defendants John/Jane Does #2, #3, and #4, then reviewed the publication and again rejected it. (*Id.*) Finally, Defendant Walton (Marion Warden) reviewed and rejected the publication. (*Id.*)

Plaintiff filed a grievance over the rejection of his publication, but it was denied by Defendant Weesel (counselor) on April 27, 2015. Defendant John/Jane Doe #1 (facility Remedy Coordinator) rejected his grievance because he did not attempt an informal resolution or provide necessary evidence. Plaintiff searched for Defendant Weesel from May 8, 2015 to May 18, 2015, in order to request from him a new administrative remedy request form. In the meantime, Plaintiff sought review of his grievance by other prison officials, all of whom rejected it. His grievance was finally accepted by the East Unit Management team member, but the Administrative Remedy Coordinator rejected it for being untimely. When Plaintiff went to Weesel's office to request an appeal form, Weesel told Plaintiff that the Administrative Remedy Coordinator's decision was not appealable and refused to give him the form.

In addition to his First Amendment *Bivens* claim, Plaintiff asserts that the Defendants

---

[1] The opening paragraph to the statement of claim states: "On or about   [blank space], the mailroom, at the U.S.P. Marion, received a publication addressed to the Plaintiff (from the publisher of said publication), entitled: [blank space]." Plaintiff was presumably expected to note the date the publication was received, as well as the name of the publication, in the blank spaces.

unlawfully conspired to commit a civil rights violation, as prohibited by 42 U.S.C. § 1985. (*Id.* at 12.)

Plaintiff seeks compensatory and punitive damages. (*Id.* at 13). Further, he has filed a motion for a temporary restraining order ("TRO") and/or preliminary injunction (Doc. 3), directing Defendants to follow the regulations at C.F.R 540 and Bureau of Prisons policy statement 5266.11. Those provisions contain the exemptions for publications containing nudity illustrative of medical, educational, or anthropological content.

Under § 1915A, the Court is required to conduct a preliminary threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the

elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The complaint is subject to dismissal. While the complaint fails to mention the date on which the prison received the prohibited publication, this error is not fatal, as Plaintitff provides dates for other events described in his complaint sufficient to assure the Court that there are not obvious statute of limitations problems. However, the complaint's failure to identify and describe (in any detail) the publication (or publications) that was (or were) allegedly rejected by Marion officials *does* render Plaintiff's complaint violative of § 1915A for failure to state a claim upon which relief may be granted. Without such information, the complaint fails to provide adequate notice to a number of the Defendants sufficient to allow them to properly answer the complaint.

Accordingly, as pleaded, Plaintiff has failed to state a viable claim, and the complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED** leave to file an amended complaint, in accordance with this Memorandum and Order, within **THIRTY DAYS** of the date of entry of this Order.

**IT IS FURTHER ORDERED** that any new complaint filed by Plaintiff that is not in strict compliance with this order shall be **STRICKEN**.

**IT IS FURTHER ORDERED** that upon conclusion of the thirty-day period, should Plaintiff fail to refile his complaint, this case will be closed for failure to comply with an order of this Court. FED. R. CIV. P. 11; *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

DATED: May 18, 2016

**s/ MICHAEL J. REAGAN**
Michael J. Reagan
Chief Judge
United States District Court
